

Gary D. White, Jr. of Schroer, Rice, P.A., Topeka, Kan., for plaintiff-appellee.

Richard T. Merker (Ben T. Schmitt with him on the briefs) of Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, Kan., for defendants-appellants.

Alan Epstein of Hall & Evans, Denver, Colo., for amicus curiae.

Before BALDOCK and BARRETT, Circuit Judges, and PARKER *, District Judge.

BARRETT, Senior Circuit Judge.

Liberty Mutual Insurance Company (Liberty Mutual) appeals from a judgment entered in favor of Robert Deines (Deines) following a jury trial.

Gary Vermeer of Vermeer Manufacturing Company invented and designed the Vermeer 605 line of hay balers. On October 30, 1986, Deines became entangled in a Vermeer Model 605C round baler resulting in an above elbow amputation of his right arm. Deines subsequently sued Vermeer Manufacturing Company (Vermeer), the

**Robert E. DEINES, Plaintiff–Appellee,**

v.

**VERMEER MANUFACTURING COMPANY, and Liberty Mutual Insurance Company, Defendants–Appellants,**

**American Insurance Association, Amicus Curiae.**

**No. 91–3044.**

United States Court of Appeals, Tenth Circuit.

July 21, 1992.

---

* The Honorable James A. Parker, United States District Judge for the District of New Mexico, sitting by designation.

manufacturer of the baler, and Liberty Mutual, its insuror. Deines alleged that Vermeer had designed and manufactured a defective baler and that Liberty Mutual had failed to properly inspect, advise, and counsel Vermeer.

Deines settled with Vermeer for $610,-000. Liberty Mutual moved for summary judgment alleging, inter alia, that: it did not have a duty to produce a safe baler; Vermeer had sole responsibility for the production of the baler; and it did not, in providing inspections of Vermeer's plant, assume a duty of care under Restatement (Second) of Torts § 324A.[1]

In granting Liberty's Mutual motion for summary judgment with respect to § 324A(a) and denying it with respect to § 324A(b) and (c), the district court found:

Liberty Mutual provided Vermeer Manufacturing with products liability insurance from 1967 to November of 1975. The insurance company, as a condition of the policy, conducted safety inspections of the insured's products. This service was a "selling point" used by Liberty Mutual's insurance salesmen in describing coverage to prospective clients. The decision of Harry Vermeer and Gary Vermeer to purchase insurance from Liberty Mutual was made, in part, because they considered Liberty Mutual's inspections to be of value to Vermeer Manufacturing.

Liberty Mutual, through its agents and employees, conducted inspections of products manufactured by Vermeer Manufacturing. Lawrence William Shaul ..., a loss prevention consultant employed by Liberty Mutual, visited Vermeer's Manufacturing plant in Pella, Iowa, on a regular basis and "inspected almost all of the equipment." These inspections were conducted pursuant to Liberty Mutual's policies and procedures

manual. Shaul examined Vermeer Manufacturing's products for compliance with standards published by the American National Standards Institute ..., the Occupational Safety and Health Administration ..., and the American Society of Agricultural Engineers....

The purpose of the inspections was, in part, to help Vermeer Manufacturing prevent accidents. Vermeer Manufacturing solicited Shaul's opinion as to safety problems and occasionally sought his approval for a change in a product. Vermeer Manufacturing was receptive to Shaul's ideas. The company did not employ its own engineer during most of the relevant time period and therefore relied upon Liberty Mutual's inspections and its advice regarding the design of guarding, decals, warnings, operator manuals, and other safety aspects of hay baler models....

(R., Appendix at pp. 00163–00164).

The case proceeded to trial and the jury returned a verdict in favor of Deines, finding, via special interrogatories, that: Deines was 49% at fault; Liberty Mutual was 51% at fault; and Deines had suffered damages of $287,990.19. Thereafter, the district court entered judgment in favor of Deines in the amount of $146,875.00 (51% × $287,990.19).

On appeal, Liberty Mutual contends that: (1) it did not owe a duty of care to Deines; (2) the verdict was against the weight of the evidence; (3) the court's instructions were clearly erroneous; and (4) the district court erred in precluding it from presenting certain evidence.

Under Fed.R.App.P., rule 10(b)(2), 28 U.S.C. an appellant is charged with providing the appellate court with a suitable record on appeal:

> (a) his failure to exercise reasonable care increases the risk of such harm, or
> (b) he has undertaken to perform a duty owed by the other to the third person, or
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

---

1. § 324A provides in relevant part:
   One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for the physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion.

Moreover, "it is counsel's responsibility to see that the record excerpts are sufficient for consideration and determination of the issues on appeal and the court is under no obligation to remedy any failure of counsel to fulfill that responsibility." *General Order*, 10th Cir., October 25, 1990, p. 5.

Our appellate review is necessarily limited when, as here, an appellant challenges the sufficiency of the evidence and rulings of the district court but fails to "include in the record a transcript of all evidence relevant to such finding or conclusion." Rule 10(b)(2). *See Trujillo v. Grand Junction Regional Center*, 928 F.2d 973, 976 (10th Cir.1991) (when a trial transcript is not designated as part of the record on appeal, an appellate court cannot review the district court's factual findings and must accept them as true); *Sil–Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1517 (10th Cir.1990) (we cannot determine whether the alleged problems were in violation of the court's earlier bench ruling on this issue because the parties have provided no record of that ruling); *Ewers v. Board of County Commissioners of Curry County*, 802 F.2d 1242, 1250 (10th Cir.1986), *cert. denied*, 484 U.S. 1008, 108 S.Ct. 704, 98 L.Ed.2d 655 (1988) (we are unable to review appellant's contention that the court erred in dismissing his property interest claim inasmuch as the evidentiary matters relied on by the court are not included in our record on appeal); *Neu v. Grant*, 548 F.2d 281, 287 (10th Cir.1977) (matters not appearing in the record will not be considered by the court of appeals). *See also Syncom Capital Corporation v. Wade*, 924 F.2d 167, 169 (9th Cir.1991) (without a trial transcript, the majority of appellant's contentions are unreviewable); *Richardson v. Henry*, 902 F.2d 414, 416 (5th Cir.1990), *cert. denied*, — U.S. ——, 111 S.Ct. 260, 112 L.Ed.2d 218 (1990) (the failure of an appellant to provide a transcript is a proper ground for dismissal of the appeal; accordingly the appeal as to the sufficiency of the evidence will be dismissed).

Liberty Mutual's appendix does not contain "record excerpts ... sufficient for consideration and determination of the issues on appeal," *General Order*, at p. 5. Certainly, the record does not contain transcripts of the evidence sufficient for our review on the issues of duty of care, weight of the evidence, correctness of jury instructions and the trial court's evidentiary rulings. Rather, the appendix contains only twenty pages of trial transcript, limited to: page 4, the district court's pretrial observations that the case should be settled if possible; page 11, the district court's ruling that Deines' settlement with Vermeer was not to be mentioned; page 14, arguments of counsel as to the admissibility of the settlement; page 240, the examination of Deines' witness Hunt relative to Deines' use of the baler; page 245, the continued examination of Hunt; page 412, the district court's ruling on the admissibility of similar accidents; page 489, the examination of Gary Vermeer as to the decision making process at Vermeer; page 622, the examination of Denies' witness Sevart as to the standard of care Liberty Mutual owed its clients; pages 736 and 737, the testimony of Gary Vermeer as to the advice given by Lawrence Shaul and a statement that he (Gary Vermeer) was ultimately responsible for the baler put out to the public; page 931, an examination of Deines relative to his debts and business operation; pages 935 and 937, an examination of Deines as to the problems he had incurred with only one arm; pages 947 and 997, the district court's ruling that evidence of the settlement could not come in; page 1003, an examination of Mrs. Deines; page 1095, testimony that Liberty Mutual stopped insuring Vermeer on November 1, 1975; page 1146, a discussion relative to the admission of Defendant's Exhibit 440, minutes of Vermeer's January 4, 1978, meeting dealing with operator entanglement in the baler rollers; and pages 1160 and 1161, Liberty Mutual's objections to the court's instruction on § 324(A).

Given the state of the record on appeal as above summarized, it is obvious that we cannot review Liberty Mutual's appellate contentions that: it did not owe a duty of care to Deines, the verdict was against the weight of the evidence, the instructions were clearly erroneous, and the court erred in preventing it from presenting certain evidence.

Accordingly, the judgment of the district court is AFFIRMED.