986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Wendy HOYT, an individual, doing business as Club
Productions, a sole proprietorship; Club
Productions, a Missouri General
Partnership, Plaintiffs-Appellees,
v.
The ROBSON COMPANIES, INC., an Oklahoma Corporation,
Defendant-Appellant.
 No. 92-7031.
 United States Court of Appeals, Tenth Circuit.
 Dec. 23, 1992.
 
 Before McKAY, Chief Judge, and SEYMOUR and PAUL KELLY, Jr., Circuit Judges.*
 ORDER AND JUDGMENT**
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Defendant, The Robson Companies, Inc., appeals from the district court's judgment entered against it following a jury trial. We affirm.
 
 
 2
 In January of 1990, The Robson Companies, Inc. ("Robson") entered into an agreement with Wendy Hoyt d/b/a Club Productions ("Hoyt"), pursuant to which Hoyt was to develop and implement a marketing plan for Forest Ridge, a master-planned community. The agreement provided that it could be terminated with or without cause. However, in the event of termination, Hoyt would receive a sum equal to $2,500 times the number of months remaining from the date of termination to and including December 31, 1992. Robson terminated the agreement and instituted suit in state court seeking a declaration that all contractual disputes had been settled and that no further obligations remained. The action was removed to federal district court under the court's diversity jurisdiction. See 28 U.S.C. 1332.
 
 
 3
 Hoyt counterclaimed, seeking to recover those sums due her under the contract. Robson asserted several affirmative defenses and also counterclaimed alleging that the agreement was void or voidable due to alleged misrepresentations. Answering special interrogatories, the jury found that Robson had failed to prove that the parties had entered into a settlement, and found for Hoyt on her breach of contract claim and against Robson on its counterclaim.
 
 
 4
 On appeal, Robson argues (1) that the evidence does not support the jury's finding that Hoyt did not breach her fiduciary duties of good faith and fair dealing to Robson, (2) that the termination provision in the agreement is either a penalty provision unenforceable in Oklahoma or a liquidated damages provision for which Hoyt failed to lay a proper foundation at trial and, (3) that the district court erred in failing to give Robson's requested jury instructions.
 
 
 5
 Our review as to the sufficiency of the evidence is necessarily limited. In its appendix, Robson included only brief, unidentified excerpts of the transcript consisting primarily of motions and jury instructions. When an appellant intends to argue that the jury's finding is unsupported by or is contrary to the evidence, the appellant "shall include in the record a transcript of all evidence relevant to such finding or conclusion." Fed.R.App.P. 10(b)(2); Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979 (10th Cir.1992).
 
 
 6
 Under the terms of the agreement, Hoyt was to "advise and consult with [Robson] in determining the method and timing of developing and marketing" the planned community. Appellant's App. at 90. Five areas were listed in which Hoyt was to make recommendations to Robson. No testimony is present in the record before us of disparate bargaining power and a resulting trust and confidence in Hoyt such that Robson could not review Hoyt's recommendations before acting on them. Devery Implement Co. v. J.I. Case Co., 944 F.2d 724, 731 (10th Cir.1991).
 
 
 7
 The evidence that has been presented shows no more than a normal commercial transaction. Lacking evidence of the existence of a fiduciary relationship, and viewed in the light most favorable to Hoyt, see Comcoa, Inc. v. NEC Teles., Inc., 931 F.2d 655, 663 (10th Cir.1991), substantial evidence exists to support the jury's verdict that no breach of fiduciary duties occurred.
 
 
 8
 Robson next argues that the district court erred in denying its motion for partial summary judgment and motion for a directed verdict on the ground that the termination paragraph[1] of the agreement was a liquidated damages provision which amounted to a penalty provision unenforceable by statute in Oklahoma. The district court correctly held that the provision represented a negotiated compensation package prepared in the event Robson wished to exercise its rights under the contract to terminate Hoyt's employment, with or without cause. The court held that the provision was not to become operative upon a breach, but upon performance of a permitted act.
 
 
 9
 The provision did not address remedies in the event of a breach, see Okla.Stat. tit. 15, §§ 213-215 (addressing liquidated damage and penalty provisions included in contracts in anticipation of breach), but rather compensated Hoyt in the event that the agreement was terminated prior to December 31, 1992. See 22 Am.Jur.2d Damages § 710 (1988) (stipulated payment may be for privilege of cancelling a right granted under contract and is neither a penalty nor liquidated damages).
 
 
 10
 Robson also argues that the agreement violated Okla.Stat. tit. 15, § 216 because its right to seek legal redress was restricted by the agreement. This argument, not presented to the trial court, will not be considered for the first time on appeal. Anschutz Land & Livestock Co. v. Union Pac. R.R., 820 F.2d 338, 344 n. 5 (10th Cir.), cert. denied, 484 U.S. 954 (1987).
 
 
 11
 Finally, Robson argues the district court erred in not giving five of its proposed jury instructions. "Instructions are to be given only if they are supported by authorities and the evidence presented at trial." FDIC v. Clark, Nos. 89-1342, 89-1343, 1992 WL 297997, at * 9, (10th Cir. Oct. 22, 1992) (citing Higgins v. Martin Marietta Corp., 752 F.2d 492, 496 (10th Cir.1985)). Three of the proposed instructions addressed whether the termination provision was a liquidated damages or a penalty provision, an issue previously decided by the district court as a matter of law. The other two instructions addressed agency issues. Because the evidence failed to support an agency relationship, the district court properly refused to give these instructions.
 
 
 12
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 This provision read:
 
 
 [4]
 The term of the agreement shall be for three (3) years, expiring December 31, 1992. Club Productions may be terminated only after December 31, 1990, but prior to the expiration of this Agreement, with or without cause, upon thirty (30) days written notice. In the event of termination, and contemporaneously therewith, Forest Ridge shall pay to Club Productions a sum equal to $2,500.00 times the number of months remaining to be paid from the date of termination, to and including, December 31, 1992
 Appellant's App. at 92.