17 F.3d 1437
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kendall R. DEAN, Defendant-Appellant.
 No. 93-3114.
 United States Court of Appeals, Tenth Circuit.
 Feb. 14, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BALDOCK and EBEL, Circuit Judges, and CARRIGAN, District Judge.[2]
 
 
 2
 Defendant Kendall R. Dean was convicted of conspiracy to distribute cocaine and cocaine base, 21 U.S.C. 846, distribution of cocaine base, 21 U.S.C. 841(a)(1), 18 U.S.C. 2, and use of a firearm during and in relation to a drug trafficking offense, 18 U.S.C. 924(c)(1), 18 U.S.C. 2. Defendant appeals only his 18 U.S.C. 924(c)(1) conviction, claiming the evidence was insufficient to support the jury's verdict. We have jurisdiction under 28 U.S.C. 1291.
 
 
 3
 The Federal Rules of Appellate Procedure provide, "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion. Fed. R.App. P. 10(b)(2). Pursuant to our local rules, "[i]t is the responsibility of appellant's counsel to file an appendix sufficient for the consideration and determination of the issues on appeal." 10th Cir. R. 30.1.1. "It is [also] the appellant's responsibility to order and provide all portions of the transcript necessary to give the court of appeals a complete and accurate record of the proceedings insofar as such proceedings relate to the issues raised on appeal, and when sufficiency of the evidence is raised, the entire trial transcript ordinarily should be provided." 10th Cir. R. 10.1.1 (emphasis added). Finally, the court has no obligation to remedy any failure of counsel to fulfill his or her responsibility to see that the record on appeal is sufficient. 10th Cir. R. 30.1.1.
 
 
 4
 The appendix provided by Defendant is wholly inadequate for us to review his insufficiency of the evidence challenge. In support of the jury's verdict, the government cites thirteen pages of trial transcript,[3] and only one of these pages was provided to us by Defendant. See Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979 (10th Cir.1992) (twenty pages of trial transcript, insufficient for review of claims that verdict was against weight of evidence, that instructions were clearly erroneous, and that court made evidentiary errors). In his appendix, Defendant included only seventeen pages of trial transcript, which consisted of testimony by a backup police officer who was present at Defendant's arrest, Defendant's own testimony, and the redirect examination of Detective Bruce Watts. The appendix does not contain any of the direct testimony of Detective Watts, who, according to the government, provided the bulk of the incriminating evidence against Defendant concerning the 924(c)(1) count Defendant now contests. Without the full testimony of Detective Watts, we are unable to review Defendant's claim, and we must affirm. See United States v. Hanif, 1 F.3d 998, 1002 (10th Cir.) (failure to provide adequate record requires court to reject appellant's arguments), cert. denied, 114 S.Ct. 573 (1993); McEwen v. City of Norman, Okla., 926 F.2d 1539, 1550 (10th Cir.1991) (same).
 
 
 5
 Finally, we wish to point out that at oral argument, defense counsel represented to us that he had included the entire trial transcript in the record on appeal. However, in search of the transcript, we have thoroughly checked the docket sheets and Defendant's appendix, and we have contacted the clerk's office to no avail. Although the docket sheet indicates that Defendant ordered the transcript, and the trial transcript was filed in district court, Defendant failed to include the entire trial transcript in his appendix to this court.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [2]
 The Honorable Jim R. Carrigan, United States District Judge for the District of Colorado, sitting by designation
 
 
 [3]
 The government cites to these pages of trial transcript as "R.O.A. Doc. 66." Our record, however, contains no such document. The record provided for our review contains nothing other than Defendant's appendix