45 F.3d 439
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Keith ARCOREN, Plaintiff-Appellee,
v.
V-1 PROPANE COMPANY, Defendant-Appellant.
 No. 94-8012.
 United States Court of Appeals, Tenth Circuit.
 Dec. 22, 1994.
 
 1
 Before BALDOCK and McKAY, Circuit Judges, and VRATIL,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Defendant V-1 Propane Company appeals from a jury verdict entered in favor of plaintiff Keith Arcoren. We affirm.
 
 
 4
 Plaintiff alleged a violation of his rights under 42 U.S.C.1981 and sought damages for wrongful termination and defamation. The district court dismissed the defamation and 1981 claims. The wrongful termination claim was tried to a jury which awarded $45,000.00 to plaintiff.
 
 
 5
 On appeal defendant argues the district court erred in not granting its motion to dismiss and for summary judgment because the disclaimers in its employee handbook prevented the establishment of an implied employment contract. Defendant also argues the district court should have granted defendant's motion to dismiss after plaintiff's case on the same grounds and the jury verdict was in error.
 
 
 6
 In support of its arguments on appeal, defendant has submitted plaintiff's application for employment, portions of the trial transcript relating to the wording of the handbook and testimony regarding plaintiff's problems with his coworkers, a disclaimer sticker about which there apparently was some dispute as to whether plaintiff had received, defendant's motion to dismiss and for summary judgment, the district court's order and clarifying order on that motion, and the court's oral ruling dismissing plaintiff's defamation and 1981 claims. Defendant has submitted only evidence favorable to its position.
 
 
 7
 Appellant's counsel bears the responsibility "to file an appendix sufficient for consideration and determination of the issues on appeal.... The court is under no obligation to remedy any failure of counsel to fulfill that responsibility." 10th Cir. R. 30.1.1. Because the evidentiary record is insufficient to permit us to assess defendant's claims of error, we must affirm. See Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979-80 (10th Cir.1992); see also McEwen v. City of Norman, 926 F.2d 1539, 1550 (10th Cir.1991)(failure to designate relevant record requires this court to hold appellant did not meet his burden of proving the district court's findings of fact were clearly erroneous or that its ruling was an abuse of discretion).
 
 
 8
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED.
 
 
 
 **
 Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470