**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

--------

**No. 95-1876**

--------

JOHN B. KIMBLE,

Plaintiff - Appellant,

versus

MONTGOMERY COUNTY POLICE DEPARTMENT; MONTGOM-
ERY COUNTY MARYLAND GOVERNMENT; ANDREW W.
PECORARO, Detective; DUANE GRANT, Detective;
MONTGOMERY COUNTY SHERIFF'S DEPARTMENT,

Defendants - Appellees.

--------

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   William M. Nickerson, District Judge.
(CA-90-320-WMN)

--------

Submitted:  March 21, 1996          Decided:  March 29, 1996

--------

Before NIEMEYER and MICHAEL, Circuit Judges, and BUTZNER, Senior
Circuit Judge.

--------

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

--------

John B. Kimble, Appellant Pro Se.  James Louis Parsons, Jr., COUNTY
ATTORNEY'S OFFICE, Rockville, Maryland; Steven Giles Hildenbrand,
Assistant Attorney General, Baltimore, Maryland, for Appellees.

--------

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Appellant appeals from the district court's orders granting summary judgment for all Appellees, except Pecoraro, and granting Appellee Pecoraro's motion for judgment as a matter of law on Appellant's remaining claims filed under 42 U.S.C. § 1983 (1988), and his pendent state law claims. We have reviewed the record and the district court's opinion accepting the magistrate judge's recommendation regarding the summary judgment order and find no reversible error. Accordingly, we affirm the grant of summary judgment on the reasoning of the district court. Kimble v. Montgomery County Police Dep't, No. CA-90-320-WMN (D. Md. Sept. 11, 1991; Sept. 18, 1991).

With regard to Appellant's appeal from the district court's order granting judgment as a matter of law, we note that the record does not contain a transcript of the trial and Appellant has not moved in this court for a transcript at government expense. Even if a motion were before this court, we would find that the appeal presents no "substantial question" justifying provision of a transcript at government expense. See 28 U.S.C. § 753(f) (1988). Further, Appellant's failure to file a transcript as required by Fed. R. App. P. 10(b), precludes meaningful review of his remaining claims and affords this court no choice but to dismiss this portion of the appeal. See Woods v. Thieret, 5 F.3d 244, 245-46 (7th Cir. 1993); Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979 (10th Cir. 1992). Appellant's pro se status does not excuse his failure to file a transcript. See generally Schmid v. United Bhd. of

2

<u>Carpenters</u>, 827 F.2d 384, 386 (8th Cir. 1987), <u>cert. denied</u>, 484 U.S. 1071 (1988).

Accordingly, we affirm in part and dismiss in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, DISMISSED IN PART</u>

3