**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**JAN 29 1997**

**PATRICK FISHER**
**Clerk**

ROBERT LAYTON,

      Plaintiff-Appellant,

v.

CITY OF PAULS VALLEY; RICK
WICKENCAMP, in his individual and
official capacity,

      Defendants-Appellees.

No. 96-6110
(D.C. No. CIV-95-745-C)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, KELLY, and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Robert Layton appeals the judgment entered against him in his civil rights claim, brought under 42 U.S.C. § 1983, against the City of Pauls Valley and Rick Wickencamp, in his capacity as Pauls Valley City Manager. The case arose out of Wickencamp's termination of Layton as a lake ranger for Pauls Valley. Wickencamp testified he terminated Layton because he repeatedly violated state law by purchasing items without the requisite prior purchase order authorization. Layton claims he was fired for putting up political signs and becoming actively involved in the election campaign of an individual running for city council, and that the termination violated his First Amendment free speech rights. Layton also contends Wickencamp slandered him by telling people Layton was fired because he broke the law.

Following a jury trial, the district court entered judgment as a matter of law against Layton on his slander claim, and the jury found in favor of defendants on Layton's § 1983 First Amendment claim. We have jurisdiction over this appeal under 28 U.S.C. § 1291, and we affirm.

SLANDER CLAIM

Layton first contends the district court erred in granting judgment as a matter of law on his state law slander claim against Wickencamp. Judgment as a matter of law is appropriate where a party has been fully heard on an issue and "there is no legally sufficient evidentiary basis for a reasonable jury to find for

that party on that issue." Fed. R. Civ. P. 50(a)(1).  We review the district court's grant of judgment as a matter of law de novo, applying the same standard as that applied by the district court.  Thompson v. State Farm Fire & Cas. Co., 34 F.3d 932, 941 (10th Cir. 1994).

In dismissing Layton's slander claim, the district court ruled that the defamatory statement was "[Layton] broke the law."  Appellant's App. at 33.  The district court found that the evidence presented demonstrated that Layton had violated state law with respect to several purchase orders and that plaintiff failed to show by clear and convincing evidence that Wickencamp made the defamatory statement with knowledge or reckless disregard of its falsity.

Layton does not dispute the finding that he violated state law.  Rather, he contends the district court mischaracterized the defamatory statement, asserting that the defamatory statement was that he was fired because he broke the law.  He contends this mischaracterization was error because he had presented evidence that Wickencamp fired him for political reasons, not because he broke the law, and, therefore the question of whether Wickencamp's statement was defamatory was a question for the jury.  He relies upon Starr v. Pearle Vision, Inc., 54 F.3d 1548, 1557 (10th Cir. 1995), which held, in relevant part, under the facts of that case, that whether an allegedly defamatory statement imputed the commission of a crime or tended to injure the victim's professional reputation--and therefore

constituted slander per se under 12 Okla. Stat. Ann. §§ 1442(1) or (3)--was a question for the factfinder.

However, unlike the facts in Starr, there is no factual dispute in this case as to whether or not Layton broke the law. Essentially, Layton's argument is that the publication of a true statement for a false purpose is defamatory and, therefore, malicious. He cites no authority for this proposition, and, in any event, his contention of pretext was rejected by the jury's finding that he was not fired for his political expression.

Even if a defamation had somehow occurred, Layton, as a public official, was required to present proof of actual malice by clear and convincing evidence. Upon review of the transcript excerpts placed in the record on appeal, we find nothing to convince us that the district court's finding that Layton failed to meet this standard was error. [1]

JURY INSTRUCTION

---

[1] Our review of this issue is necessarily limited because Layton failed to designate the trial transcript as part of the record. Defendants' Appendix did include substantial excerpts of the transcripts. However, for us to determine whether a district court's findings were clearly erroneous, an appellant must include in the record a transcript of all evidence which is relevant to such findings. See Fed. R. App. P. 10(b)(2); Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979 (10th Cir.1992). We must, therefore, accept as correct the district court's factual determination that Layton failed to prove actual malice. See Trujillo v. Grand Junction Regional Ctr., 928 F.2d 973, 976 (10th Cir.1991).

-4-

Layton next contends the district court improperly instructed the jury to apply the balancing test set forth in Pickering v. Board of Educ., 391 U.S. 563, 568 (1968). He claims the proper instruction should have been the test found in the political patronage line of cases of Elrod v. Burns, 427 U.S. 347 (1976) and Branti v. Finkel, 445 U.S. 507 (1980).

Pickering is a free speech case under which, in analyzing a dismissal resulting from a public employee's speech, a balancing test is used to balance the employee's right to speak out on matters of pubic concern with the state employer's interest in promoting the efficiency of the public service it performs through its employees. Pickering, 391 U.S. at 568. Elrod and Branti, on the other hand, are political patronage dismissal cases which hold that a public employee cannot be discharged solely because of his party affiliation, unless the employer can demonstrate that "party affiliation is an appropriate requirement for the effective performance of the public office involved." Branti, 445 U.S. at 518.

Assuming, for the sake of argument, that Layton presented sufficient evidence that he was dismissed because of his political affiliation, he did not allege that he was terminated solely because of his political affiliation, but because he put up political signs, urged people to vote for his candidate, and became actively involved in the political campaign. As the Supreme Court recently explained, where free speech issues are intermixed with political

affiliation issues, as Layton alleges is the case here, the <u>Pickering</u> balancing test is to be applied. <u>O'Hare Truck Serv., Inc. v City of Northlake</u>, 116 S. Ct. 2353, 2357-58 (1996) (explaining that use of the balancing <u>Pickering</u> mandates is inevitable in those cases "where specific instances of the employee's speech or expression . . . are intermixed with a political affiliation requirement"). Accordingly, the district court properly instructed the jury to apply <u>Pickering</u>'s balancing test.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge