**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 31 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ED M. SHARON,

      Plaintiff-Appellee/Cross-
Appellant,

v.

YELLOW FREIGHT SYSTEM, INC.,

      Defendant-Appellant/Cross-
Appellee.

Nos. 95-3113 & 95-3132
(D.C. No. 94-CV-2035)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **ANDERSON,** Circuit Judges.

---

Ed M. Sharon sued his former employer, Yellow Freight System, Inc. (YFS), alleging that he was terminated in violation of an implied employment contract and that he was the victim of discrimination of the basis of his age, sex,

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

and national origin.[1]  The district court granted summary judgment for YFS on the discrimination claims, holding that Mr. Sharon had failed to make a prima facie case and alternatively that he had failed to show pretext.  The court denied YFS's summary judgment motion on the implied contract claim, ruling that Mr. Sharon had shown a question for the jury on whether an implied contract existed and on whether, if so, YFS breached it.  A jury trial resulted in a verdict for Mr. Sharon on the implied contract claim in the amount of $47,916.66.

YFS appeals, contending that the evidence on the implied contract claim was insufficient as a matter of law and that the trial court therefore erred in denying its motions for directed verdict and for judgment notwithstanding the verdict.  Mr. Sharon cross-appeals, arguing that the lower court erred in granting YFS summary judgment on the discrimination claims.  We affirm.

Mr. Sharon is an Israeli man of the Jewish faith who was over forty years of age during the relevant time.  He had four advanced degrees and fifteen years experience in transportation and research.  He got in touch with YFS in December 1990 to explore employment opportunities.  YFS was familiar with his work and responded favorably,  arranging an interview in mid-February. Prior to the interview, Mr. Sharon completed and signed an employment application which he

---

[1] Mr. Sharon also originally asserted a claim for religious discrimination and a claim under promissory estoppel.  These claims are not at issue in this appeal.

brought with him. Included in this application along with other employment information was the phrase "my employment and compensation can be terminated, with or without cause by either the company or myself." Aplt. App. at 218. Mr. Sharon met with several supervisors, who represented to him that the job was a career position, long-term and stable, and that he could stay there as long as he wished so long as he did a good job. Mr. Sharon accepted a position with YFS and began work on April 1. His wife had a professorship at Rutgers University in New Jersey and she continued to reside there with their three children until August, 1991, when she and the children joined Mr. Sharon in Kansas.

In June 1991, Mr. Sharon's supervisor, Cathy Larrimer, met with him to discuss problems with his performance. He then had several frank discussions with her in which he told her about his family situation and expressed concern whether he and YFS were a good match. Ms. Larrimer reassured him and encouraged him to remain with the company. The employment situation did not improve, however, and Mr. Sharon had more counseling sessions with Ms. Larrimer in August and others in September. Ms Larrimer kept a running log on Mr. Sharon detailing both positive and negative incidents. Mr. Sharon and Ms. Larrimer continued to have problems over his time out of the office, punctuality, the state of his desk, and obtaining her approval before circulating material out of the department. In December, Ms. Larrimer issued a Notice of Corrective Action

and placed Mr. Sharon on a ninety-day probationary period. The Notice listed several performance problems and required several corrective actions. Mr. Sharon complied fully. In February 1992, however, Ms. Larrimer learned that Mr. Sharon had circulated a document without her permission, although Mr. Sharon asserted that he did not believe he needed permission for this particular document. Mr. Sharon was fired. He was not told the reason for his discharge and the record contains conflicting reasons proffered by YFS personnel. The decision was reviewed by the Employee Review Committee, which affirmed the termination, concluding that Mr. Sharon's performance, including his failure to follow his supervisor's instructions, was unsatisfactory.

In its appeal, YFS argues that the evidence to support the jury verdict is insufficient as a matter of law. Under Kansas law, "intent of the contracting parties is normally a question of fact for the jury and . . . the determination of whether there is an implied contract in employment requires a factual inquiry." Morriss v. Coleman Co., 738 P.2d 841, 848 (Kan. 1987) (citing Allegri v. Providence-St. Margaret Health Ctr., 684 P.2d 1031 (Kan. Ct. App. 1984)). A disclaimer, such as that in the application signed by Mr. Sharon, is not dispositive when the record contains evidence of statements by company personnel indicating a contrary intent. See id. at 849; see also Brown v. United Methodist Homes, 815 P.2d 72, 82-83 (Kan. 1991). This contrary evidence is sufficient to overcome the

disclaimer if it is in the nature of trial testimony by company supervisors "indicating their intent to treat employees fairly and to follow the rules." Brown, 815 P.2d at 83.

> We review *de novo* the [ruling on] a motion for judgment notwithstanding the verdict, applying the same standard as the trial court should when deciding the motion. Under this standard, the court must view all of the evidence in the light most favorable to the nonmoving party, and then determine whether there is evidence upon which the jury could have properly relied in returning a verdict for the nonmoving party. The court may not reweigh the evidence or substitute its judgment for the jury's. If there is evidence upon which the jury could have properly relied in reaching its verdict, that verdict must stand.

Klein v. Grynberg, 44 F.3d 1497, 1503 (10th Cir.) ( citations omitted), cert. denied, 116 S. Ct. 58 (1995).

As the applicable standard makes clear, a court considering whether the evidence is sufficient to support a jury verdict must review all the evidence. The Federal Rules of Appellate Procedure clearly state: "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence . . . , the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion." Fed. R. App. P. 10(b)(2). Our local rule likewise provides:

> It is the appellant's responsibility to order and provide all portions of the transcript necessary to give the court of appeals a complete and accurate record of the proceedings insofar as such proceedings relate to the issues raised on appeal, and when sufficiency of the evidence is raised, the entire trial transcript

ordinarily should be provided.

10th Cir. R. 10.1.1. The appendix submitted by YFS in this appeal contains two short excerpts of the testimony of Mr. Sharon and one half page of cross-examination of a company official. The record is simply inadequate to enable us to assess all the evidence in the light most favorable to Mr. Sharon and determine whether it is sufficient to support the jury verdict. We have frequently held that the lack of a transcript in such circumstances requires that we affirm the ruling of the district court. See, e.g., United States v. Vasquez, 985 F.2d 491, 494-95 (10th Cir. 1993); Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979-80 (10th Cir. 1992). We again follow the rules and precedent governing the provision and use of transcripts, and hold that the lack of a complete transcript here requires that we affirm the district court's denial of YFS's motion for judgment notwithstanding the verdict.

Mr. Sharon cross-appeals the district court's grant of summary judgment on his discrimination claims. The court held that he had failed to create a fact issue on the existence of a prima facie case and alternatively that he had failed to present evidence of pretext. We have carefully reviewed the summary judgment record in light of Mr. Sharon's arguments and authorities and we are not persuaded that the lower court committed reversible error in this regard.

The judgment is AFFIRMED.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge