F I L E D
**United States Court of Appeals
Tenth Circuit**

**MAR 11 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MARIA DE JESUS CERCA, Friend
and Mother of Iris Fuentes, David
Fuentes, Dario Fuentes, and Ulises
Cerca Fuentes, minor children,

Plaintiff - Appellant,

v.

DAVE THOMAS, in his individual
capacity; CITY OF TOPEKA,
KANSAS,

Defendants - Appellees.

No. 00-3257
(D.C. No. 98-2408-CM)
(D. Kansas)

---

ORDER AND JUDGMENT   *

---

Before **LUCERO** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The surviving children of David Fuentes brought a 42 U.S.C. § 1983 civil rights action against the City of Topeka, Kansas, and numerous other Topeka law enforcement personnel, including Dave Thomas, a City of Topeka police officer. During the execution of a search warrant at Mr. Fuentes' residence, Mr. Thomas fatally shot Mr. Fuentes. The district court granted partial summary judgment as to some defendants and some claims, but denied summary judgment with respect to plaintiffs' claim that Mr. Thomas used excessive force. After a trial, the jury returned a verdict for the remaining defendants. The parties are familiar with the facts; thus, we do not repeat them here. Because plaintiffs have provided an insufficient record to enable us to address their challenge to certain jury instructions, and because we conclude the district court did not abuse its discretion in admitting certain evidence, we affirm.

I.

On appeal, plaintiffs first contend the district court erred in giving certain jury instructions. When considering a party's challenge to jury instructions, our initial inquiry is whether the party properly preserved that issue for appeal by objecting at the district court level to the instruction on the same grounds raised on appeal. *Comcoa, Inc. v. NEC Tels., Inc.*, 931 F.2d 655, 660 (10th Cir. 1991);

-2-

*see also* Fed. R. Civ. P. 51 (stating that "[n]o party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection."). Further, litigants in this circuit are required to identify in their brief where issues on appeal were raised and ruled upon. 10th Cir. R. 28.2(C)(2) (requiring parties to identify where issues on appeal were raised and ruled upon) and 10th Cir. R. 28.2(C)(3)(b) (noting that "[b]riefs must cite the precise reference in the record where a required objection was made and ruled on, if the appeal is based on . . . the giving of or refusal to give a particular jury instruction."). We may refuse to review alleged error if the party seeking review fails "to include and reference the portion of the record wherein their objection and the district court's ruling thereon may be found." *Jetcraft Corp. v. Flight Safety Int'l*, 16 F.3d 362, 366 (10th Cir. 1993).

Here, plaintiffs fail to identify where in the record they objected to these jury instructions or where the district court ruled on their objection. Having carefully reviewed the record on appeal, we conclude that plaintiffs have not provided the court with these relevant trial transcripts. *See* 10th Cir. R. 10.1(A)(1). We do not know whether plaintiffs did, in fact, object to these instructions, whether they did so on the specific grounds raised on appeal, or the basis for the district court's ruling. Thus, we are unable to consider plaintiff's

contentions regarding the jury instructions. *See Jetcraft Corp*, 16 F.3d at 366; *Deines v. Vermeer Mfg. Co.*, 969 F.2d 977, 979 (10th Cir. 1992).[1]

## II.

Plaintiffs next contend that the district court erred by admitting evidence suggesting that Mr. Fuentes sold illegal drugs. The district court initially granted plaintiffs' motion *in limine* to exclude evidence that Mr. Fuentes had sold illegal drugs or that an informant had purchased cocaine from him on the basis that the prejudicial effect of such evidence would outweigh the probative value. *See* Fed. R. Evid. 403. During trial, the district court did allow the defense to present evidence that Mr. Thomas was aware the search warrant had been executed pursuant to a drug investigation. Further, after testimony from a psychiatrist about the psychological damages suffered by Mr. Fuentes' children as a result of witnessing their father's killing, the district court allowed the defense to ask the psychologist whether, in general, drug use, drug sales and criminal conduct in a home would set a child up for an unhappy life. On cross-examination by plaintiffs' counsel, the psychologist stated that he did not know whether or not Mr. Fuentes' children had been exposed to any drug use or criminal activity in the

---

[1]    If plaintiffs are attempting to claim the district court somehow erred in its summary judgment ruling, they have failed to provide the court with the necessary record, and they point this court to no claimed factual or legal error with respect to that ruling.

-4-

home. Ruling that the plaintiffs had opened the door on cross-examination, the district court allowed the defense to ask the psychologist if he was aware that Mr. Fuentes was involved in drug activity and had involved one of his children in drug sale activity. The psychologist denied any such knowledge and testified that such information would not alter his opinion as to the emotional damage suffered by the children.

Plaintiffs contend that the district court failed to adhere to its pre-trial *in limine* order by the admission of this evidence, which was unduly prejudicial and should have been excluded under Rule 403. The decision to admit or exclude evidence under Rule 403 is within the sound discretion of the trial court, and will not be reversed by this court absent a clear abuse of discretion. *Getter v. Wal-Mart Stores, Inc.*, 66 F.3d 1119, 1124 (10th Cir. 1995). We see no abuse of the district court's discretion here.

In admitting the evidence that the search warrant was based on a drug investigation, the district court properly recognized that the nature and severity of the alleged crime were relevant circumstances considered by Mr. Thomas in executing the search warrant. To minimize any undue prejudice, the court took care to exclude any evidence indicating Mr. Fuentes was involved in drug activity and to allow only the admission of those facts known to Mr. Thomas at the time he decided to use deadly force. In allowing the questioning of the psychologist,

the district court properly recognized that whether a parent exposed his children to drug usage or criminal activity was relevant to the issue of the amount of damage suffered by the children, but the court avoided undue prejudice by disallowing any evidence that Mr. Fuentes sold or used drugs or exposed the children to such activities. It was within the district court's discretion to allow further questioning about the psychologist's knowledge or awareness about the children's exposure to any illegal drug activities after plaintiffs' counsel opened the door on cross-examination. *See McEwen v. City of Norman*, 926 F.2d 1539, 1547 (10th Cir. 1991) (allowing testimony to rebut inference raised by defense during cross-examination). Moreover, the district court took steps to minimize any possible prejudice by limiting the scope of the questioning and giving the jury a limiting instruction that the line of questioning was only to be considered with respect to possible damages, not with respect to liability. We cannot address plaintiffs' claim that the district court failed to adhere to its pre-trial *in limine* ruling because plaintiffs failed to include the *in limine* motion or order in the record on appeal. *See* 10th Cir. R. 10.1(A)(1) and 10th Cir. R. 28.2(C)(3)(a).

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge