ORDER AND JUDGMENT*
PER CURIAM.
After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
Plaintiff Robert H. Sprague appeals from a district court order granting summary judgment in favor of defendant Adventures, Inc. on his claims of religious discrimination, and retaliation under Title VII. Plaintiff worked as a carpet salesman for defendant. He alleges that he was subjected to religious harassment by a supervisor and then transferred from the store where the supervisor worked to another location because of his conflict with the supervisor.[1] The district court rejected this discriminatory/retaliatory transfer claim because plaintiff failed to offer evidence to rebut defendant’s explanation that he was transferred because of poor sales performance. On de novo review, Pastran v. K-Mart Corp., 210 F.3d 1201, 1204 (10th Cir.2000), we affirm that ruling.
The district court rejected plaintiffs hostile work environment claim for two reasons, holding (a) that the alleged harassment — religious pressure imposed *815 by one Christian on another Christian— was not intentional discrimination because of religion cognizable under Title VII and, (b) that, in any event, it was not severe enough to be actionable. We need not rely on the first reason, as we agree with the second and it is dispositive. In sum, we affirm the entry of summary judgment for defendant.
As this is an appeal from the entry of summary judgment for defendant, “we recite and consider the facts in the light most favorable to the plaintiff.” Wright-Simmons v. City of Okla. City, 155 F.3d 1264, 1266 (10th Cir.1998). Indeed, most of the facts evidenced in our record derive from plaintiffs own deposition.
Plaintiff worked for defendant briefly in 1999, but quit when promised benefits did not materialize. None of the events he complains of here occurred during that initial stint. He hired back on in January 2000 under the supervision of Lee Carroll. Plaintiff lasted less than two weeks in the store where Carroll worked, when he was transferred to the main store because of poor work performance.
During his time at the company’s branch store, plaintiff accused Carroll of engaging in excessive religious proselytizing in the workplace. Though plaintiff was raised Catholic and was attending Episcopalian services at the time, he nevertheless became a focus of Carroll’s religious exhortation. The triggering event appears to have been an occasion when plaintiff, whose grandmother had been Jewish, accompanied a Jewish co-worker, Sharon Yantes, to temple services. After learning of this, Carroll repeatedly told plaintiff — in public and on the open sales floor — that “Jesus Christ is alive; Moses is dead.”
In general, Carroll expressed his religious views to everyone at the store. He prayed in office meetings and his religious commentary was expressed on the sales floor. With respect to plaintiff in particular, Carroll used requests for training or assistance as occasions for impromptu prayer sessions. Plaintiff complained about Carroll to management, though it is not clear from his testimony how and when he did so.
Within two weeks, plaintiff was transferred to another store. He was told this was an opportunity to improve his sales performance, but he later learned that slow business at his new location made it difficult if not impossible to earn a living on commissions there — a fact that was common knowledge within the company. Within a short time he left defendant’s employ, a decision he attributes to a combination of factors, including Carroll’s religious harassment.

Discriminatory/Retaliatory Transfer

Plaintiffs claims of discrimination and/or retaliation in connection with his transfer are subject to the burden-shifting scheme of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Mattioda v. White, 323 F.3d 1288, 1291, 1293 (10th Cir.2003). Under this three-step scheme, the plaintiff must first establish a prima facie case of proscribed conduct; if he does so, the burden shifts to the defendant to provide a legitimate reason for the employment action in question; finally, if the defendant satisfies this burden, the plaintiff must demonstrate that the legitimate reasons proffered by the defendant are merely a pretext for the alleged improper motivation. See id. at 1291. These steps guide the disposition of a Title VII claim challenged on summary judgment; the plaintiff must demonstrate triable issues of fact to defeat the motion. See, e.g., Kelley v. Goodyear Tire & Rubber Co., 220 F.3d 1174, 1177 (10th Cir.2000) (following Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir.1995)).
*816 Plaintiff cites the close temporal proximity of his conflict with Carroll and his transfer to establish a prima facie case. The suggestive timing of events can establish a prima facie case of discrimination or retaliation. See, e.g., Selenke v. Med. Imaging of Colo., 248 F.3d 1249, 1260 (10th Cir.2001) (discrimination); Pastran, 210 F.3d at 1205 (retaliation). The district court assumed that plaintiff had made out a prima facie case with regard to his transfer and went on to dispose of the claim at the pretext stage, where the legal deficiency in plaintiffs case was readily evident. We follow the same approach.
Defendant insists that company management transferred plaintiff to its main store, where management was located, because of his poor sales performance. Defendant showed, through materials plaintiff has not included in the record and thus cannot challenge, see generally Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979-80 (10th Cir. 1992), that plaintiff generated a mere $66 in sales commissions during his first two weeks.
Plaintiff did not counter this showing with additional evidence to show that defendant’s rationale was pretextual. His case rested on the timing of his transfer and his belief that it reflected the improper motives he alleged, neither of which is a sufficient basis to survive summary judgment at the pretext stage. While timing may suffice to create a prima facie case, “when a defendant articulates a reason for [the challenged action], establishing a prima facie case is not sufficient to avoid summary judgment.” Selenke, 248 F.3d at 1260. The prima facie inference of improper motive based on timing alone does not carry forward to undermine a legitimate rationale articulated by the defendant for the challenged action; thus, absent additional evidence to undermine such a rationale, the defendant is entitled to summary judgment. Id. at 1260-61; Meiners v. Univ. of Kan., 239 F.Supp.2d 1175, 1195 (D.Kan.2002) (following Selenke); cf. Pastran, 210 F.3d at 1206-07 (acknowledging that timing “is not sufficient by itself to raise an issue of fact” on pretext, but holding that other probative evidence precluded summary judgment).
As for plaintiffs personal suspicions, mere conjecture and subjective belief about an employer’s motives cannot defeat summary judgment. See, e.g., Aramburu v. The Boeing Co., 112 F.3d 1398, 1408 n. 7 (10th Cir.1997). Therefore, we affirm the grant of summary judgment to defendant on plaintiffs claims relating to his inter-store transfer.

Hostile Work Environment

Plaintiffs hostile environment claim rests on the conduct of his supervisor, Lee Carroll, summarized earlier. The district court held that this conduct could not support a Title VII claim because (1) there was no evidence that plaintiff suffered intentional discrimination because of religion since any harassment directed at plaintiff was free of proscribed religious animus, and (2) the harassment was not severe enough to give rise to an actionable hostile work environment. We affirm on the latter rationale.
To survive summary judgment on this claim, plaintiff had to “show that a rationale jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently sever or pervasive to alter the conditions of the victim’s employment.” Stinnett v. Safeway, Inc., 337 F.3d 1213, 1219 (10th Cir.2003) (quotation omitted). And the “objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.” Id. *817 (quotation omitted). According to plaintiffs deposition testimony, he experienced the objectionable religious-based comments only after the first week of a two-week stint under Carroll’s supervision, and it is not clear whether he even complained to management about the religiously-oriented speech until some time after his transfer. We cannot conclude that the district court erred in finding that Carroll’s statements did not create an objectively or subjectively hostile environment after only one week’s time, especially where plaintiff has not shown that he was upset enough to promptly complain to management and where his transfer was, as we have already seen, not pretextual.
For the foregoing reasons, the judgment of the district court is AFFIRMED.

 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

. Plaintiff refers to his transfer as a demotion, because the second location was allegedly a much harder place to earn sales commissions. While equating a transfer with a demotion is oversimple, we have held that Title VII is broad enough to reach a "decision causing a significant change in benefits.” Stinnett v. Safeway, Inc., 337 F.3d 1213, 1217 (10th Cir. 2003). Given our disposition of the transfer claim based on another legal deficiency, we need not resolve whether the mere change of location here satisfied the condition stated in Stinnett.