**Linda MORGAN, Plaintiff–Appellant/Cross–Appellee,**

**v.**

**CITY OF ALBUQUERQUE, a municipality in the State of New Mexico, and Ann Avend–T, Officer, in her official and individual capacities, Defendants–Appellees/Cross–Appellants.**

**Nos. 93–2037, 93–2049.**

United States Court of Appeals, Tenth Circuit.

May 25, 1994.

Joseph P. Kennedy, Albuquerque, NM, for plaintiff-appellant/cross-appellee.

Tila Fleming Hoffman, Asst. City Atty. (David S. Campbell, City Atty., also on the brief), Albuquerque, NM, for defendants-appellees/cross-appellants.

Before ANDERSON, McKAY, and TACHA, Circuit Judges.

McKAY, Circuit Judge.

Plaintiff–Appellant Linda Morgan brought suit pursuant to 42 U.S.C. § 1983 against Defendants–Appellees City of Albuquerque and Officer Ann Avend–T alleging that she was arrested in violation of the Fourth and Fourteenth Amendments. The jury entered a verdict in favor of Defendants. Plaintiff then filed a motion for a new trial, alleging that the district court had improperly allowed Defendants to strike two jurors on the basis of their association with physically disabled people. Plaintiff's motion for a new trial was denied, and Plaintiff appeals in case number 93–2037. In case number 93–2049, Defendants cross-appeal from the district court's giving of a jury instruction on the Fifth Amendment. In light of our decision on Plaintiff's appeal, we dismiss the cross-appeal as moot.

Plaintiff Morgan suffers from a physical disability, namely, the loss of her left arm, shoulder blade, and collarbone. This disability was unrelated to the claims she raised under § 1983, and Plaintiff's request for damages was in no way based on her disability. During voir dire, the district court asked whether any of the veniremen or their family members had a physical handicap. Two of the members of the venire responded: one stated that her father was missing three fingers from his right hand, while the other stated that she was a teacher of disabled children.

During jury selection, Defendants peremptorily struck the two jurors who responded to the question about physical disabilities. Counsel for Plaintiff challenged those strikes on the basis of *Powers v. Ohio,* 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), and *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In response, the district court asked Defendants the basis for their striking of the prospective jurors, and Defendants responded that the only basis for the strikes was their association with disabled persons. (Appellant's App. at 81–82.) The district court allowed the strikes, concluding that the principles of *Powers* and *Batson* did not extend to include peremptory strikes on the basis of physical disability. *Id.* at 82–83, 106 S.Ct. at 1715. After the jury rendered its verdict, Plaintiff moved for a new trial. The district court denied the motion, ruling that even were the principles of *Powers* and *Batson* to apply to peremptory strikes on the basis of physical disabilities, there would be no grounds for extending those principles to cover challenges based not on the immutable traits of the veniremen but on the traits of persons with whom the veniremen had some association. Plaintiff appeals from the district court's denial of her motion for a new trial.

■ While we generally review the denial of a motion for new trial under the abuse of discretion standard, *Hinds v. General Motors Corp.,* 988 F.2d 1039, 1046 (10th Cir. 1993), the issue in this case turns on the district court's determination of a question of law, namely the applicability of the rules on peremptory jury strikes to physical disability. We therefore review the district court's determination of that question *de novo. Estate of Holl v. Commissioner,* 967 F.2d 1437, 1438 (10th Cir.1992).

■ We emphasize, however, that the question before us is quite narrow. We are

not here concerned with the question of the acceptability of peremptory challenges to jury veniremen on the basis of the veniremen's physical disability. Rather, we are concerned with the use of peremptory strikes to eliminate veniremen who have some *association* with persons suffering from a physical disability. For the purpose of answering this question, we need not decide whether the *Batson* line of cases should be extended to cover jurors who suffer from a physical disability because, regardless of the answer, there is no support for the proposition that equal protection analysis should be further extended to cover persons who are not members of the group but merely have some association with them. No case of which we are aware has ever made such a logical leap, and we decline to do so. We therefore hold that the peremptory strikes of the two veniremen who had some association with persons with physical disabilities does not constitute grounds for reversing the trial court's denial of Plaintiff's motion for a new trial.

■ Plaintiff next contends that the use of peremptory challenges to strike veniremen who have an association with persons with physical disabilities violates the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* Nothing in the ADA supports this contention. Even assuming that the ADA did bar use of peremptory challenges to remove physically disabled veniremen, there would be no grounds for an extension of such protection to persons who have some association with persons with disabilities—the ADA is intended only to remove discrimination against physically disabled persons themselves.

■ Plaintiff's final contention is that the use of peremptory challenges to strike persons who have some association with persons with disabilities violates the potential jurors' First Amendment rights. We find this argument meritless.

Accordingly, we AFFIRM the district court's denial of Plaintiff's motion for new trial.

AFFIRMED.