**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DUANE JENSON and CRAIG
CARPENTER,
    Plaintiffs-Appellants,

v.

PACIFIC RESEARCH &
DEVELOPMENT, INC., a Utah
corporation; LUME INTERNATIONAL,
INC., a Utah corporation; J. EDWARD
McPHERSON; J. EDWARD
McPHERSON, JR.; C. JEFFREY
THOMPSON; SUSAN M. FRANCESCHI;
and THOMPSON, HATCH, MORTON &
SKEEN, a Utah partnership,
    Defendants-Appellees.

    and

DUANE JENSON and CRAIG
CARPENTER,
    Plaintiffs-Appellees,

v.

PACIFIC RESEARCH &
DEVELOPMENT, INC., a Utah
corporation; LUME INTERNATIONAL,
INC., a Utah corporation; J. EDWARD
McPHERSON; J. EDWARD
McPHERSON, JR.; C. JEFFREY
THOMPSON; and SUSAN M.
FRANCESCHI,
    Defendants,

    and

THOMPSON, HATCH, MORTON &
SKEEN, a Utah partnership,
    Defendant-Appellant.

No. 96-4012

No. 96-4024

(D.C. No. 91-C-592 B)
(D. Utah)

ORDER AND JUDGMENT[*]

Before KELLY, HOLLOWAY, and BRISCOE, Circuit Judges.

This is a securities fraud case arising out of an agreement to merge Lume International, Inc. (Lume), and Blackwater, Inc. (Blackwater). Plaintiffs Duane Jenson and Craig Carpenter, stockholders in Blackwater, filed federal and state securities law claims, as well as a state law claim for fraud, against officers, directors, and counsel for Lume. At trial, the jury returned a verdict in favor of plaintiffs and against defendants on all claims in the amount of $429,000. Defendants Jeffrey Thompson (counsel for Lume) and his law firm, Thompson, Hatch, Morton & Skeen (THMS), moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. The district court granted defendants' motion. Plaintiffs appeal the district court's entry of judgment in favor of Thompson and THMS, as well as the district court's refusal to submit the issue of punitive damages to the jury. THMS has filed a cross-appeal challenging the court's conclusion that THMS is responsible for Thompson's alleged misconduct. We affirm the district court's judgment in favor of Thompson and THMS and dismiss the cross-appeal as moot.

In their first issue on appeal, plaintiffs contend the district court erred in granting defendants' motion for judgment notwithstanding the verdict. Specifically, they contend

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the court erred in finding (1) neither Thompson nor THMS had a duty to disclose to plaintiffs, (2) neither Thompson nor THMS made misrepresentations to plaintiffs, (3) plaintiffs did not reasonably rely on any misrepresentations made by Thompson or THMS, and (4) THMS did not have secondary liability for Thompson's acts.

We review de novo a judgment notwithstanding the verdict, applying the same standard applied by the district court. Klein v. Grynberg, 44 F.3d 1497, 1503 (10th Cir.), cert. denied 116 S. Ct. 58 (1995). "Under this standard, [we] must view all of the evidence in the light most favorable to the nonmoving party, and then determine whether there is evidence upon which the jury could have properly relied in returning a verdict for the nonmoving party." Id. In so doing, we may not reweigh the evidence or substitute our judgment for that of the jury. Instead, the verdict must be allowed to stand if there is any evidence upon which the jury could have based its verdict. Id.

We are unable to review plaintiffs' challenge to the district court's entry of judgment in favor of Thompson and THMS because plaintiffs have failed to comply with the Tenth Circuit Rules. Under 10th Cir. R. 30.1.1, "[i]t is the responsibility of appellant's counsel to file an appendix sufficient for consideration and determination of the issues on appeal." For purposes of guidance, 30.1.1 specifically refers to 10th Cir. R. 10.1.1 and 10th Cir. R. 10.3. In this case, 10.1.1 and 10.3 required plaintiffs to include in their appendix (1) the complaint, (2) the pretrial order, and (3) the entire trial transcript. See 10th Cir. R. 10.1.1 ("when sufficiency of the evidence is raised, the entire trial transcript ordinarily should be provided"); 10th Cir. R. 10.3.1 (noting "[e]very record on appeal" must include "the last amended complaint" and "the final pretrial order"). Plaintiffs' appendix contains none of these items. Although the supplemental appendixes filed by

defendants contain fragments of the trial transcript, they are insufficient to allow us to conduct a de novo review of the district court's decision to grant defendants' motion for judgment notwithstanding the verdict. See Taylor v. Phelan, 9 F.3d 882, 884 n.4 (10th Cir. 1993); Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979 (10th Cir. 1992) (holding that twenty pages of transcript were insufficient for review of claims that verdict was against weight of evidence, that instructions were clearly erroneous, and that court made evidentiary errors); see also 10th Cir. 30.1.1 (court under no obligation to remedy counsel's failure to provide appendix sufficient to allow review of issues raised on appeal). We therefore affirm the district court's decision.

In their second issue on appeal, plaintiffs contend the district court erred in granting judgment in favor of defendants on plaintiffs' request for exemplary damages. According to plaintiffs, sufficient evidence was introduced at trial to demonstrate that Thompson made misrepresentations to plaintiffs and that he did so "with reckless disregard for the truth, or with a mental state embracing an intent to deceive, manipulate, or defraud the plaintiffs." Appellant's br. at 39. For the reasons previously noted, we are unable to consider this issue. In particular, the appendix provided by plaintiffs does not allow us to review the evidence presented at trial to determine if there was sufficient evidence to support a claim for punitive damages. The district court's decision on this issue is therefore affirmed.

In its cross-appeal, THMS argues the district court erred in concluding it was responsible for Thompson's alleged misconduct. Because we affirm the entry of judgment in favor of Thompson and THMS, the cross-appeal is moot. See Morgan v. City of Albuquerque, 25 F.3d 918, 919 (10th Cir. 1994).

The judgment of the district court in appeal No. 96-4012 is AFFIRMED; the cross-appeal in No. 96-4024 is DISMISSED as moot.

Entered for the Court

Mary Beck Briscoe
Circuit Judge
