**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 6 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PABLO CRUZ,

      Plaintiff-Appellant,

  and

ERNEST ROMERO, individually and
as parent and next friend of SUZETTE
ROMERO and ERNISSA ROMERO,

      Plaintiff,

v.

ROBERT GUTIERREZ; CHRISTIAN
MONTANO; GILBERT MARTINEZ,

      Defendants-Appellees.

No. 99-2358
(D.C. No. CIV-98-110-LH)
(D. N.M.)

LEROY ROMERO and
EVANGELINA ROMERO,
individually and as parents and next
friends of Justina Romero, Ryan
Romero, Kevin Romero, Leroy
Romero, Jr., and Jacklyn Romero,
minors,

      Plaintiffs-Appellants,

v.

ROBERT GUTIERREZ,

      Defendant-Appellee.

99-2364
(CIV-98-44-LH/DJS)
(D. N.M.)

## ORDER AND JUDGMENT [*]

Before **BALDOCK, ANDERSON,** and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

In appeal No. 99-2358, plaintiff-appellant Pablo Cruz appeals the district court's denial of his motion for judgment as a matter of law on his 42 U.S.C. § 1983 civil rights complaint against defendant Robert Gutierrez. In companion appeal No. 99-2364, plaintiffs-appellants Leroy and Evangelina Romero appeal pro se from the jury's verdict in favor of defendant Robert Gutierrez on their similar § 1983 civil rights complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the judgment in both cases.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I. Background

The facts underlying both of these appeals are the same. On June 23, 1996, defendant Robert Gutierrez, a New Mexico State Police Officer, was sent to a location near Montezuma, New Mexico, to investigate a stolen vehicle report. While taking the report from the alleged victims, they identified Johnny Roybal as the person who had stolen the car and pointed him out to Officer Gutierrez as running and hiding on adjacent property belonging to Leroy Romero. Officer Gutierrez walked to the fence surrounding the Romero property and repeatedly requested that Leroy Romero come to the fence to answer some questions. Leroy replied with numerous profanities, and said that, if Officer Gutierrez wanted to talk to him, he could come to him.

There were numerous other people with Leroy, including his brother Ernest Romero, their wives and children, and Mr. Cruz. Officer Gutierrez testified at trial that after he crossed the fence and approached the gathering, Leroy, his brother, and Mr. Cruz began to position themselves around him in a threatening fashion. Leroy continued to respond to Officer Gutierrez's questions and comments with profanity. Officer Gutierrez testified that they repeatedly said they were going to "kick his ass." A witness testified that it appeared that the men surrounding Officer Gutierrez were "going to jump him." Appellant's App.

at 148. When Leroy raised his hand toward him, Officer Gutierrez hit Leroy's arm with his baton. [1]

When the men refused Officer Gutierrez's order to move back and continued to come toward him, he sprayed them with pepper spray. According to Officer Gutierrez's testimony, at this point Leroy threatened to go into the house, get a gun, and kill him. Using his shoulder radio, Officer Gutierrez called for backup. When Leroy entered his house, Officer Gutierrez took cover behind a vehicle in the event he returned with a weapon. When the two backup officers arrived, they observed a crowd of people yelling obscenities at Officer Gutierrez. The officers testified that the group appeared to be intoxicated, and were behaving in an aggressive manner. Officer Gutierrez requested that the backup officers aid him in arresting Leroy and Ernest Romero and Mr. Cruz. Leroy and Ernest Romero resisted arrest and had to be restrained and handcuffed. Mr. Cruz fled the scene.

The officers learned from a bystander that Mr. Cruz had fled to a house on the back of the property. Upon approaching the house, they saw Mr. Cruz standing in a window. When Officer Gutierrez requested that Mr. Cruz come out

---

[1] There was conflicting testimony as to the circumstances which led to Officer Gutierrez's action. Leroy testified that he only raised his arm to order the officer off of his property, while Officer Gutierrez testified that he thought Leroy was reaching out to grab his shirt.

of the house, Mr. Cruz replied with verbal obscenities, an obscene gesture, and said, "if you want me, come get me." *Id.* at 104. There appeared to be no glass in the window. Fearing that Mr. Cruz may have a weapon and that he may move out of sight of the officers, Officer Gutierrez and another officer grabbed Mr. Cruz and pulled him through the window opening into the yard where they handcuffed and arrested him.

Mr. Cruz and the Romeros brought identical 42 U.S.C. § 1983 civil rights complaints against Officer Gutierrez and four other police officers involved in the incident, alleging no probable cause, excessive force, unreasonable search, and malicious prosecution in violation of their Fourth and Fourteenth Amendment rights.[2] Both complaints also alleged state law claims for assault, battery, false arrest, false imprisonment, malicious prosecution, and trespass. The district court granted defendants' request to consolidate the two actions, and denied their respective motions for summary judgment.

Following a three-day joint trial, the jury found in favor of Officer Gutierrez and against plaintiffs.[3] Mr. Cruz moved for judgment as a matter of law under Fed. R. Civ. P. 50 at the close of evidence, but before the case went to the

---

[2] Ernest Romero joined Mr. Cruz in his complaint, both individually and as parent and next friend of his two children. Ernest did not join Mr. Cruz in this appeal.

[3] All of the defendants except Robert Gutierrez were dismissed from the lawsuits by stipulation prior to trial.

jury. The trial court denied the motion. Mr. Cruz limits the scope of his appeal to the single contention that the district court erred in not awarding judgment as a matter of law on Mr. Cruz's Fourth Amendment claims. More specifically, Mr. Cruz argues that the district court should have granted his motion because, (1) it was uncontested that Mr. Cruz was seized in his home; (2) it was uncontested that defendant did not have Mr. Cruz's permission to enter his property; (3) it was uncontested that defendant did not have a warrant to enter Mr. Cruz's property; (4) there were no exigent circumstances alleged; and (5) Officer Gutierrez used excessive force in his arrest of Mr. Cruz.

On appeal, the Romeros allege that (1) the jury was biased against them based on their race and national origin; (2) the jury verdict was not supported by substantial evidence; and (3) there was no probable cause or exigent circumstances justifying Officer Gutierrez's entry onto their property or the arrest of Leroy Romero.

## II. Discussion - No. 99-2358

Under Fed. R. Civ. P. 50(a)(1),

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

-6-

"We review the district court's denial of a motion for judgment as a matter of law de novo, applying the same legal standard as the district court." *Brown v. Gray*, 227 F.3d 1278, 1285 (10th Cir. 2000). Mr. Cruz was entitled to judgment as a matter of law only if the "evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion." *Id.* (quotation omitted). In considering Mr. Cruz's appeal, and "reviewing the record, we will not weigh evidence, judge witness credibility, or challenge the factual conclusions of the jury." *Id.* (quotation omitted).

Formal arrests must be supported by probable cause. *Latta v. Keryte*, 118 F.3d 693, 699 (1997). "Probable cause to arrest exists when officers have knowledge of facts that would warrant a person of reasonable caution in the belief that an offense has been or is being committed." *Id.* (quotation omitted). "In determining whether probable cause exists, we look to the circumstances as they would have appeared to a prudent, cautious, trained police officer." *Id.* (quotation omitted).

Here, the circumstances amply supported Officer Gutierrez's decision to arrest Mr. Cruz. Mr. Cruz had participated in the threats against Officer Gutierrez and had fled the scene after threats of producing a gun had been directed toward Officer Gutierrez. Officer Gutierrez had reason to suspect that Mr. Cruz may have fled in order to arm himself. *See e.g., United States v. Dozal*,

173 F.3d 787, 792 (10th Cir. 1999) (holding that probable cause to arrest exists if, "under the totality of circumstances," a reasonable officer believes a crime is being committed). In light of the testimony regarding the prior hostile confrontation, the threats of violence, and Mr. Cruz's decision to flee the scene, it is clear that the jury could have found that Officer Gutierrez had probable cause to arrest Mr. Cruz.

It is well established that a warrantless arrest inside a suspect's home is unconstitutional unless it is justified by exigent circumstances or consent. *See e.g., New York v. Harris*, 495 U.S. 14, 15-17 (1990) (holding it "evident" that officers violated Fourth Amendment when they knocked on suspect's door, displayed their guns and badges when he answered, entered the apartment, and arrested suspect); *Payton v. New York*, 445 U.S. 573, 583, 590 (1980) (holding absent exigent circumstances or consent, police may not cross the threshold of a suspect's house without a warrant to make a routine felony arrest). [4]

The facts and circumstances known to Officer Gutierrez at the time he arrested Mr. Cruz would have caused a reasonable officer to conclude that any delay in the arrest could be dangerous. Officer Gutierrez's testimony indicated

---

[4] We note that the arrest did not take place *inside* Mr. Cruz's home and that the officers never crossed the threshold. *See Payton*, 445 U.S. at 583, 590. The location of the arrest was not an issue argued on appeal and is not germane to our decision.

that he was faced with three belligerent, profane, possibly intoxicated males who made aggressive movements toward him as well as verbally threatening him. Considering their threats to "kick his ass" and Leroy Romero's threat involving a gun, it was reasonable for Officer Gutierrez to believe that Mr. Cruz and the Romero brothers posed a threat to him and his fellow officers.

Moreover, Mr. Cruz fled the scene. Even if his testimony that he fled in order to call the police was true, there was no way that Officer Gutierrez could have known that was his intent. Officer Gutierrez testified that when they approached Mr. Cruz's house and saw him in the window, they were not able to see his hands and did not know if he had a weapon. Officer Gutierrez stated that he feared that if Mr. Cruz was armed and left the window, they would lose sight of him, creating a dangerous situation for the officers. Prior to the removing Mr. Cruz by force, Officer Gutierrez announced his presence, announced that he was placing Mr. Cruz under arrest, and gave Mr. Cruz a number of opportunities to come out of the house. In light of Mr. Cruz's profane, belligerent, and hostile response, Officer Gutierrez had a substantial interest in seizing Mr. Cruz in a manner which would afford the officers the most safety. *See Terry v. Ohio*, 392 U.S. 1, 23 (1968) ("It would be unreasonable to require that police officers take unnecessary risks in the performance of their duties."). We conclude that, under

the circumstances, exigent circumstances existed which justified Mr. Cruz's warrantless arrest.

Next, Mr. Cruz argues that the officers used excessive force during the course of his arrest. In *Graham v. Connor*, 490 U.S. 386, 396-97 (1989), the Supreme Court held that claims of excessive force in the course of an arrest should be analyzed under the Fourth Amendment reasonableness standard. In order to meet his burden of proving excessive force, Mr. Cruz had to demonstrate that Officer Gutierrez's use of force was not "'objectively reasonable' in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation." *Id.* at 397. The *Graham* court set out three criteria relevant to an excessive force inquiry: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers; and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight. *Id.* at 396. As to reasonableness, we inquire from "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" and we consider "the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation." *Id.* at 396-97; *see also Dixon v. Richer*, 922 F.2d 1456, 1462 (10th Cir. 1991).

Here, the parties involved had exhibited aggressive, belligerent behavior, and had threatened the officer with physical assault and a threat of death. In our opinion, this was a classic example of the kind of "tense, uncertain, and rapidly evolving" situation, requiring the officer to make "split-second judgments," envisioned by the *Graham* Court. *Graham*, 490 U.S. at 397.

In conclusion, we have read the portions of the trial transcript provided and, considering the evidence in favor of Officer Gutierrez, we determine that there was no legally sufficient evidentiary basis for Mr. Cruz's claims. [5] *See Brown*, 227 F.3d at 1285. Therefore, a grant of judgment as a matter of law would have been inappropriate, and the district court's denial of Mr. Cruz's motion was correct.

### III. Discussion - No. 99-2364

In their appeal, pro se appellants Leroy and Evangelina Romero challenge the jury's verdict in favor of Officer Gutierrez alleging that (1) the jury was biased against them based on race and national origin; (2) there was insufficient

---

[5] We note that Mr. Cruz did not provide this court with a complete trial transcript. While the portions provided are adequate to facilitate our review, we advise Mr. Cruz that when he challenges a jury verdict based on evidence supporting a conclusion, it is imperative that this court be provided a full record. *See* Fed. R. App. P. 10(b)(2); *Deines v. Vermeer Mfg. Co.*, 969 F.2d 977, 979 (10th Cir. 1992) (stating that lack of transcript limits appellate review of insufficiency of evidence claim).

-11-

evidence to support he jury's verdict; and (3) Officer Gutierrez arrested Leroy Romero without probable cause and there were no exigent circumstances justifying the warrantless search and arrest.

We are obligated to construe pro se pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). We will not, however, "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991). Moreover, "an appellant's *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

The Romeros' allegations of jury bias lack factual or legal support. In light of the evidence and testimony at trial, their allegation that bias is the only explanation for the jury's verdict is conclusory at best. Therefore, because perfunctory complaints which fail to frame and develop an issue are insufficient to invoke appellate review, we are not required to consider this argument. *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994); *see also Drake*, 927 F.2d 1159 (holding that appellate court is not required to construct arguments for pro se litigant).

Also in a conclusory fashion, the Romeros challenge the sufficiency of the evidence supporting the jury's verdict. They do not, however, provide this court

with a trial transcript. "Our appellate review is necessarily limited when, as here, an appellant challenges the sufficiency of the evidence and rulings of the district court but fails to 'include in the record a transcript of all evidence relevant to such finding or conclusion.'" *Deines*, 969 F.2d at 979 (*quoting* Fed. R. App. P. 10(b)(2)). [6]

We do, however, have the benefit of the portions of the trial transcript provided by Mr. Cruz. Although incomplete, it is clear from the transcript of testimony provided that there was sufficient evidence to support the jury's conclusion that Officer Gutierrez's actions were justified. *See United States v. Youngpeter*, 986 F.2d 349, 352-53 (10th Cir. 1993) (holding that once a jury has assessed the credibility of witnesses, appellate court may not second guess that determination).

Finally, the Romeros assert that there was no probable cause or exigent circumstances justifying Officer Gutierrez's warrantless search and arrest of Leroy. The available trial testimony, however, amply supports the jury's obvious determination that Officer Gutierrez had probable cause to enter the Romeros'

---

[6] Although the Romeros state that they could not afford a transcript and the district court did not grant their in forma pauperis application, *see* Appellants' Opening Br. at 7, they do not challenge the district court's actions in this regard on appeal.

-13-

property, and under the ensuing circumstances, had probable cause to arrest Leroy. Therefore, this claim is without merit.

### III. Conclusion

With the rule firmly in mind that this court does not retry the facts, we have reviewed the parties' arguments on appeal and the evidence in the record and conclude that the jury's verdict was based on sufficient evidence, and the court's denial of Mr. Cruz's motion for judgment as a matter of law was proper. Accordingly, the jury's verdict in appeal No. 99-2364 in favor of Officer Gutierrez and against Leroy and Evangelina Romero is AFFIRMED. We also AFFIRM the district court's order denying the motion for judgment as a matter of law in appeal No. 99-2358.

Entered for the Court

Stephen H. Anderson
Circuit Judge