**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 3 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CARLOS HERRERA,

        Plaintiff-Appellant,

v.

BOARD OF THE BERNALILLO
COUNTY COMMISSIONERS; JOE
BOWDICH, Sheriff, in his official
capacity; ANDREW M. ORTIZ,
Deputy Sheriff, in his individual and
official capacities,

        Defendants-Appellees.

No. 03-2267
(D.C. No. CIV-01-992 WD/BB)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **MURPHY** , Circuit Judge, and **CAUTHRON** ,**
Chief District Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     The Honorable Robin J. Cauthron, Chief District Judge, United States
District Court for the Western District of Oklahoma, sitting by designation.

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Carlos Herrera brought this action under 42 U.S.C. § 1983 to recover damages for injuries sustained when, as he was attempting to elude arrest on foot, his leg was pinned between a car driven by defendant deputy Ortiz and his own parked vehicle.  The case was tried to a jury, which returned a verdict in favor of defendants.  Plaintiff moved for a judgment notwithstanding the verdict or a new trial, challenging the sufficiency of the evidence–i.e., asserting that he had established defendants' liability as a matter of law.  The district court denied the motion and plaintiff appealed.  We affirm for the reasons stated below.

We review the denial of a motion for judgment as a matter of law based on evidentiary insufficiency de novo, using the same standard as the district court. *Johnson v. Unified Gov't of Wyandotte County/Kansas City, Kan.*, 371 F.3d 723, 728 (10 th Cir. 2004).  The Supreme Court has made it clear that the ruling necessarily extends to the entire trial record.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149-50 (2000);  *see Stewart v. Adolph Coors Co.*, 217 F.3d 1285, 1288 (10 th Cir. 2000).  Plaintiff, however, has provided just a few pages of testimony from the trial for our review.  This deficiency alone warrants affirmance.  *See Dilley v. SuperValu, Inc.*, 296 F.3d 958, 963 n.2 (10 th Cir. 2002);  *Deines v. Vermeer Mfg. Co.*, 969 F.2d 977, 979-80 (10 th Cir. 1992).

In any event, even on the materials selectively included in our record, plaintiff has not legally undercut the jury's finding that his arrest involved the use of constitutionally permissible force. "Judgment as a matter of law is appropriate only if the evidence points but one way," and in our assessment of the record "[a]ll reasonable inferences are drawn in favor of the nonmoving party and this court does not make credibility determinations or weigh the evidence." *Stewart*, 217 F.3d at 1288 (quotations omitted). Deputy Ortiz testified that as he drove behind plaintiff to make a traffic stop, plaintiff slowed his car to a standstill, jumped out, and ran toward the front of the car. As plaintiff did this, Ortiz drove around plaintiff's car and stopped his vehicle ahead and to one side, hoping to prompt plaintiff to run in the other direction, where Ortiz expected backup assistance to be arriving. Instead, plaintiff tried to run through the space between the two vehicles and, as his idling car rolled forward, his leg was pinned. A reasonable jury, accepting this account as credible, could properly find that Ortiz's vehicle was not used as an instrument of deadly force against plaintiff and, with that theory of the case rejected, then conclude that plaintiff's arrest did not involve constitutionally excessive force.

In the course of his argument regarding evidentiary insufficiency, plaintiff asserts that the district court improperly instructed the jury on excessive force. It is questionable whether this passing assertion even "frame[s] and develop[s] an

-3-

issue sufficient to invoke appellate review." *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10 th Cir. 1994) (refusing to consider perfunctory complaints about ruling not distinctly designated as issue for review). In any event, our review is limited to plain error in light of plaintiff's failure to preserve an objection to the district court's instructions at trial. *Veile v. Martinson*, 258 F.3d 1180, 1186-87 (10th Cir. 2001). We are not persuaded that the district court erred in this regard, much less instructed the jury in a manner shown to be "patently, plainly erroneous and prejudicial." *Id.* at 1187 (stating standard for plain error).

Plaintiff claims that the jury was told he could prevail only if "Defendant Ortiz intentionally used his . . . car to injure [p]laintiff," Aplt. App. Vol. 1 at 58 (instruction paraphrased in Aplt. Br. at 3 n.1), contrary to *Graham v. Connor*, 490 U.S. 386, 397 (1989), which held that the inquiry under the Fourth Amendment "is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *See also Kerman v. City of N.Y.*, 261 F.3d 229, 244 (2d Cir. 2001) (noting *Graham* formulation excludes "intent to cause bodily harm" element). But the cited "Statement of Claims and Defenses" instruction merely summarized the "allegations" that "[p]laintiff's claims are based on," Aplt. App. Vol. 1 at 58; it did not purport to specify the legal standard governing the jury's application of the Fourth Amendment to the

evidence at trial. A subsequent instruction set out the actual elements of the excessive force claim and required only a general showing of intentional action, not a specific intention to inflict injury. *Id.* at 62 (stating plaintiff must prove "[t]hat Defendant Ortiz intentionally committed acts that violated [p]laintiff's federal constitutional right not to be subjected to excessive or unreasonable force"). Moreover, the immediately following instruction elaborated on the nature of excessive force and specifically explained (effectively quoting *Graham*) that "[t]he reasonableness inquiry is an objective one; an officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force, nor will an officer's good intentions make an objectively unreasonable use of force constitutional." *Id.* at 63-64; *see Graham*, 490 U.S. at 397.

In sum, plaintiff's objection to the jury charge is meritless. And, as already explained, the evidence justified the verdict reached in accordance therewith.

The judgment of the district court is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Chief Judge

-5-